UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Lozano Jr, # 292460, | ) C/A No. 2:11-cv-474-RMG-BHH |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| State; SCDC Agency, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff is a state prisoner in the custody of the South Carolina Department of Corrections in Allendale Correctional Institution, in Fairfax, South Carolina. Proceeding *pro se* and *in forma pauperis*, Plaintiff brings this action naming the "State" and "SCDC Agency" as the only Defendants in his Complaint, which is liberally construed as an attempt to assert a claim for damages and injunctive relief under 42 U.S.C. § 1983.[1] The State of South Carolina and its agency, the South Carolina Department of Corrections, are not "persons acting under color of state law" within the meaning of § 1983 and therefore are not amenable to suit under § 1983. Moreover, Defendants are immune under the Eleventh Amendment of the United States Constitution from suits brought in federal court under § 1983. This Court does not have jurisdiction to hear this case and Plaintiff's Complaint should be summarily dismissed, without prejudice and without issuance and service of process.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using their badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996).

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned United States Magistrate Judge is authorized to review *pro se* complaints and petitions for relief and submit findings and recommendations to the District Court. Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2)(B)(I), (ii), and (iii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

## BACKGROUND

Plaintiff's Complaint seeks an unspecified amount of compensation for a slip and fall in a puddle of water near the showers, on June 23, 2010, which "crushed fragments in [Plaintiff's] elbow" and required surgery, on June 28, 2010, to "remove the crushed fragments which left [Plaintiff's] arm limp due to that they put an artificial joint in [Plaintiff's] elbow." ECF No. 1, p. 3. Plaintiff alleges that he was sent to Kirkland Infirmary for three weeks after his surgery, but still is "very limited on movement with this arm." ECF No. 1, p. 5. Plaintiff also asks if the Court can issue an order requiring the South Carolina


Department of Corrections to give him physical therapy and plastic surgery on a four-inch scar on his elbow.  ECF No. 1, p. 5.

## DISCUSSION

In order to state a claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws"  by a "person" acting  "under color of state law."  *See* 42 U.S.C. § 1983; *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).  *See generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002).  It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person."  In *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989), the United States Supreme Court held that neither a state, a state agency, nor a state official in his or her official capacity is a "person" for purposes of a § 1983 damages action.  *Will*, 491 U.S. at 71.  *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974)(when a state is the real party in interest because damages are sought from it, the state is entitled to protection from award by sovereign immunity).  State officers sued in their official capacities "assume the identity of the government that employs them," and, thus, are not "persons" under the meaning of § 1983.  *Hafer v. Melo*, 502 U.S. 21, 27 (1991).

Courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law.  *See Preval v. Reno,* 57 F. Supp. 2d 307, 310 (E.D. Va.1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."), rev'd on other grounds 2000 U.S. App. LEXIS 465 at *5-6

(4th Cir. 2000)(unpublished)("The court also properly determined that the Piedmont Regional Jail is not a 'person' and is therefore not amenable to suit under § 1983."); *Burnett v. SCDC*, 2010 U.S. Dist. LEXIS 134560 at *6 (D.S.C., Nov. 29, 2010) adopted by, dismissed by, in part *Burnett v. SCDC,* 2010 U.S. Dist. LEXIS 134578 (D.S.C., Dec. 20, 2010); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). *See also Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983). Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in section 1983 actions. Plaintiff must identify the person or persons who purportedly violated his rights. *See Barnes v. Baskerville Corr. Ctr. Med. Staff,* Civil Action No. 3:07CV195, 2008 U.S. Dist. LEXIS 48726 at * 2 (E.D. Va. June 25, 2008), *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb. 09, 2000).

Defendant "State," *i.e.* the State of South Carolina, and Defendant "SCDC Agency," *i.e.* its agency, the South Carolina Department of Corrections, are not "persons" under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. at 71. Thus, with respect to these Defendants, Plaintiff's Complaint fails to state a claim for which this Court may grant relief under § 1983. Moreover, the Eleventh Amendment to the United States Constitution bars suits for damages and retrospective relief against a state or its

4

subdivisions under § 1983.[2]  *See Quern v. Jordan*, 440 U.S. 332 (1979); *Edelman v. Jordan*, 415 U.S. at 663.  The Eleventh Amendment divests this Court of jurisdiction to entertain suits against the State of South Carolina and its integral parts, which are brought by citizens of South Carolina or citizens of another state, based on the following provision:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See Alden v. Maine*, 527 U.S. 706 (1999); *College Savs. Bank v. Florida Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996)(reaffirming *Hans v. Louisiana*, 134 U.S. 1, 10 (1890)(holding that a citizen could not sue a state in federal court without the state's consent); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only

---

[2] To the extent that the allegations in Plaintiff's Complaint could be construed as a request for prospective injunctive relief, (*see* ECF No. 1, p. 5 "Is there any way the court can place a[n] order for SCDC to give me physical therapy.  I would also like to see about getting plastic surgery of some type on this four inch scar"), it is clear that the Court cannot grant such relief here because the United States Supreme Court has held that the Eleventh Amendment also bars this Court from granting injunctive relief against the State or its agencies.  *See Alabama v. Pugh*, 438 U. S. 781 (1978); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996)("the relief sought by plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment").  To the extent that Plaintiff's allegations can be construed as seeking mandamus-type relief, it is well settled that a writ of mandamus is a drastic remedy which is used by courts only in "exceptional circumstances."  Use of the writ is usually limited to cases where a federal court is acting in aid of its own jurisdiction.  *See* 28 U.S.C. § 1361; *Gurley v. Super. Ct. of Mecklenburg County*, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir. 1969).  A federal district court may issue a writ of mandamus *only against an employee or official of the United States.  Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir.1973)(federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee *of a state* to perform a duty owed to the petitioner); *see also In re Campbell*, 264 F.3d 730, 731 (7th Cir.  2001)(same; collecting cases)*; In re Carr*, 803 F.2d 1180, 1180 (4th Cir., Oct 24, 1986)(unpublished opinion)(same).

forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Will v. Michigan Dep't of State Police*, 491 U.S. at 61-71; *Edelman v. Jordan*, 415 U.S. at 663 (stating that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its [Eleventh Amendment] sovereign immunity from suit even though individual officials are nominal defendants")(quoting *Ford Motor Co. v. Dep't. of Treasury*, 323 U.S. 459, 464 (1945)); *see also Harter v. Vernon*, 101 F.3d 334, 338-39 (4th Cir. 1996); *Bellamy v. Borders*, 727 F. Supp. 247, 248-50 (D.S.C. 1989); *Coffin v. South Carolina Dep't of Social Servs.*, 562 F. Supp. 579, 583-85 (D.S.C. 1983); *Belcher v. South Carolina Bd. of Corrections*, 460 F. Supp. 805, 808-09 (D.S.C. 1978).

Under *Pennhurst*, 465 U.S. at 99 n. 9, a state must expressly consent to suit in a federal district court. The State of South Carolina has not consented to suit in a federal court. Section 15-78-20(e) of the South Carolina Code of Laws, is a statute in the South Carolina Tort Claims Act which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. *See McCall v. Batson*, 285 S.C. 243, 329 S.E.2d 741, 743 (1985)(Opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities."). *Cf. Pennhurst*, 465 U.S. at 121 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.").

Thus, Plaintiff's Complaint is subject to summary dismissal based both on Defendants' lack of "personhood" and on the Eleventh Amendment's grant of sovereign immunity to the State of South Carolina and its integral parts.  *See Florida Dep't of State v. Treasure Salvors, Inc.,* 458 U.S. 670, 684 (1982)(state agencies are arms of the state and entitled to Eleventh Amendment immunity); *Mt. Healthy City Board of Ed. V. Doyle,* 429 U.S. 274, 280 (1977)(same); *Ram Ditta v. Maryland Nat'l Capital Park & Planning Comm'n*, 822 F.2d 456, 457 (4th Cir. 1987)(same).  Plaintiff's Complaint fails to allege any facts which establish that this Court may exercise its subject matter jurisdiction over Defendants, fails to state a claim for which this Court may grant relief against them, and seeks monetary relief against them when they have immunity from suits seeking such relief in this Court.

## RECOMMENDATION

Accordingly, it is recommended that the Complaint in the above-captioned case be dismissed *without prejudice* and without issuance and service of process.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii),(iii)(fails to state a claim on which relief may be granted; seeks monetary relief against a defendant who is immune from such relief); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.


s/Bruce Howe Hendricks
United States Magistrate Judge

March 2, 2011
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).