IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Lozano Jr., #292460,<br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>State; SCDC Agency,<br><br>　　　　　　　　Defendants. | Civil Action No. 2:11-cv-474-RMG<br><br>**ORDER** |

Plaintiff brings this *pro se* action which alleges that the named defendants, the "State" and "SCDC Agency," violated 42 U.S.C § 1983. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. Plaintiff filed this action *in forma pauperis* and thus the action is subject to review pursuant to 28 U.S.C §1915 (e)(2)(B). The Magistrate Judge issued a Report and Recommendation which recommends dismissing the Complaint without prejudice and without issuance and service of process. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff has failed to object to the to the Report and Recommendation. As explained herein, this Court agrees with the Magistrate Judge's recommendation and dismisses Plaintiff's Complaint.

## LAW/ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and

Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

This Court, after reviewing the Report and Recommendation for any errors of law and finding none, agrees with the conclusions of the Magistrate Judge. It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." A state officer "assume[s] the identity of the government that employs them," and therefore cannot be sued under § 1983. *Hafer v. Melo*, 502 U.S. 21, 27 (1991). Courts have also held that an inanimate object cannot act under color of state law and therefore is not a "person" subject to suit under § 1983. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va.1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."), rev'd on other grounds 2000 U.S. App. LEXIS 465 at *5-6 (4th Cir. 2000)(unpublished)("The court also properly determined that the Piedmont Regional Jail is not a 'person' and is therefore not amenable to suit under § 1983.") Moreover, for a § 1983 action Plaintiff must name a specific person who violated his rights; the use of a general term as a named defendant is not sufficient. *See Barnes v. Baskerville Corr. Ctr. Med. Staff,* Civil Action No. 3:07CV195, 2008 U.S. Dist. LEXIS 48726 at * 2 (E.D. Va. June 25, 2008), *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb.09, 2000). Accordingly, the named defendants do not qualify as "persons" under 42 U.S.C. § 1983;

therefore, Plaintiff's Complaint fails to state a claim for which this court may grant relief pursuant to § 1983.

Furthermore, the Eleventh Amendment to the United States Constitution grants sovereign immunity to the State of South Carolina and its integral parts.[1] *See Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684 (1982)(state agencies are arms of the state and entitled to Eleventh Amendment immunity). A state must expressly consent to suit in a federal district court (*Pennhurst State School & Hosp.v. Halderman*, 465 U.S. 89, 99 n.9 (1984)), however, South Carolina has not done so (S.C. CODE ANN. § 15-78-20(e) (1976)).[2] *See McCall v. Batson*, 285 S.C. 243, 329 S.E.2d 741, 743 (1985)(Opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities.").

Based on the above authority and the Record in this matter, the Court agrees with the Magistrate's Report and Recommendation and finds that Plaintiff's failed to allege any facts which establish that this Court may exercise its subject matter jurisdiction over Defendants, fails to state a claim for which this Court may grant relief against them, and seeks monetary relief against them when they are immune from suites seeking such relief in this Court.

---

[1] Specifically referring to the following provision:
   The Judicial power of the United States shall not be construed
   to extend to any suit in law or equity, commenced or
   prosecuted against one of the United States by Citizens of
   another State, or by Citizens or Subjects of any Foreign State.

[2] This section of the South Carolina Tort Claims Act expressly states that South Carolina does not waive its Eleventh Amendment sovereign immunity or consent to any suite outside the boundaries of the state of South Carolina.

3

## CONCLUSION

After a thorough review of the Record, Magistrate Judge's Report and Recommendation, and the relevant case law, this Court adopts the Magistrate Judge's Report and Recommendation and **dismisses** Plaintiff's Complaint without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 24, 2011
Charleston, South Carolina